## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN JHAEL CAVERO MARCOS** | **:** | **CIVIL ACTION** |
| | **:** | |
| **v.** | **:** | **NO. 26-3429** |
| | **:** | |
| **MARKWAYNE MULLIN, TODD** | **:** | |
| **BLANCHE, JOHN E. RIFE, J.L.** | **:** | |
| **JAMISON** | **:** | |

## ORDER

**AND NOW**, this 22nd day of May 2026, upon considering an incarcerated man's Petition for habeas corpus (ECF 1) seeking release from custody at the Federal Detention Center Philadelphia after residing in the United States for years, the United States' timely Response (ECF 6), carefully considering the uncontested allegations regarding Petitioner's presence in our District and mindful the United States repeats the same arguments denied by us and our colleagues from several earlier similar petitions, and finding, as we already found and our colleagues in now hundreds of cases nationwide have found facing similar fact patterns,[1] Respondents detain Petitioner in violation of the Constitution and the laws of the United States and the Respondents applying Congress's clear direction in 8 U.S.C. § 1225(b)(2) to non-citizens such as the Petitioner is unlawful leading us to be persuaded by our colleagues' extensive analysis (well known to Respondents) and allowing us to find the Petition (ECF 1) is reviewable, we read Congress's mandate in section 1225(b)(2) narrowly,[2] and there is no basis for mandatory detention but Petitioner may be subject to the discretionary detention explained by Congress in 8 U.S.C. § 1226(a) after a bond hearing, it is **ORDERED** we **GRANT** the Petition for habeas corpus (ECF 1) requiring we order:

1. Petitioner Kevin Jhael Cavero Marcos is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2.      Respondents shall **forthwith** release Petitioner Kevin Jhael Cavero Marcos from federal government custody no later than **12:00 PM EST** on **May 23, 2026** and shall confirm their strict compliance with today's Order through a Certification of Respondents' counsel filed no later than **11:00 AM EST** on **May 26, 2026**;

3.      Respondents are temporarily enjoined from re-detaining Kevin Jhael Cavero Marcos until no earlier than **June 8, 2026** and should Respondents choose to pursue re-detention under section 1226(a), they must first provide Mr. Cavero Marcos with a bond hearing at which a neutral immigration judge will determine whether detention is warranted pending resolution of those removal proceedings;

4.      Respondents cannot remove, transfer, or otherwise facilitate the removal of Mr. Cavero Marcos from the Eastern District of Pennsylvania before an ordered bond hearing, but if a duly authorized under law immigration judge with jurisdiction finds Mr. Cavero Marcos is subject to detention under section 1226(a) after affording due process, the United States may seek leave before us to remove Mr. Cavero Marcos from this District for unforeseen or emergency circumstances through a filed petition with good cause including the proposed destination for our consideration following timely response from Mr. Cavero Marcos; and,

5.      We **direct** the Clerk of Court **CLOSE** this case.

**KEARNEY, J.**

---

[1] *See e.g. Holguin Velez v. Jamison*, No. 26-1918, 2026 WL 893679, at *1 (E.D. Pa. Apr. 1, 2026) (Scott, J.); *Torres Jimenez v. McShane*, No. 26-1871, 2026 WL 811680, at *1 (E.D. Pa. Mar. 24, 2026) (Sánchez, J.) (collecting cases); *Teletor Jimenez v. Bondi*, No. 26-1698, 2026 WL 800952, at *2 (E.D. Pa. Mar. 20, 2026) (Hodge, J.); *Beridze v. Jamison*, No. 26-1611, 2026 WL 766171, at *2-5 (E.D. Pa. Mar. 18, 2026) (Rufe, J.); *Noicy v. Jamison*, No. 26-1388, 2026 WL 637635, at *2

& n.1 (E.D. Pa. Mar. 6, 2026) (Sánchez, J.) (collecting cases); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (Diamond, J.).

The United States concedes all decisions in this District addressing the issues raised here are adverse to the United States' position, but cites recent decisions by the United States Court of Appeals for the Fifth Circuit, *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and the United States Court of Appeals for the Eighth Circuit, *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), agreeing with the United States' position all non-citizens present in the United States without lawful admission are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See* ECF 6 at 4. The United States concedes the United States Court of Appeals for the Second Circuit, the United States Court of Appeals for the Sixth Circuit, and the United States Court of Appeals for the Eleventh Circuit all rejected its argument holding the petitioner's detention is governed by section 1226(a) and not section 1225(b)(2)(a). *See id.*; *Barbosa da Cunha v. Freden*, --- F.4th ---, No. 25-3141, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Lopez-Campos v. Raycraft*, --- F.4th ---, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, --- F.4th ---, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026). The United States also concedes the United States Court of Appeals for the Seventh Circuit this week affirmed a lower court's order directing release of a petitioner detained under section 1225(b). ECF 6 at 4 n.3; *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, --- F.4th ----, No. 25-3050, 2026 WL 1223250 (7th Cir. May 5, 2026).

As noted in our earlier Orders rejecting this same argument advanced by the United States, Judge Sánchez and Judge Wolson recently declined to follow *Buenrostro-Mendez*, noting recent decisions from our colleagues in this District. *See Noicy*, 2026 WL 637635, at *3 & n.3 (collecting cases) and *Hasanboy Olimov v. Jamison*, No. 26-532, 2026 WL 596155, at *3–4 & n.10 (E.D. Pa. Mar. 3, 2026) (Wolson, J.) (collecting cases). In the last several weeks, Judge Costello, Judge Rufe, and Judge Henry declined to follow *Buenrostro-Mendez* and *Avila*. *See Badalov v. Jamison*, No. 26-2663, 2026 WL 1132331 (E.D. Pa. Apr. 27, 2026) (Costello, J.); *Garcia Sanchez v. Jamison*, No. 26-2676, 2026 WL 1122349 (E.D. Pa. Apr. 24, 2026) (Rufe, J.); *Matias Sanchez v. McShane*, No. 26-2499, 2026 WL 1082237 (E.D. Pa. Apr. 21, 2026). The United States noted its appeals in two matters, now consolidated, are pending and our Court of Appeals heard argument on them on May 11, 2026. ECF 6 at 7 n.5.

The United States notes it is not currently making jurisdictional arguments as in earlier responses in other cases in the District. ECF 6 at 5 n.4. The United States refers us to our Court of Appeals' January 15, 2026 decision in *Khalil v. President, United States of America*, 164 F.4th 259 (3d Cir. 2026). In *Khalil*, our Court of Appeals considered whether the district court had jurisdiction over Mr. Khalil's immigration habeas petition. The court held the district court had jurisdiction over the habeas petition. The court then considered a second question; whether the Immigration and Nationality Act stripped the district court of subject matter jurisdiction over Mr. Khalil's challenge to removal proceedings under 8 U.S.C. § 1252(b)(9). *Id.* at 265, 273–74. Our Court of Appeals held the Act divested the district court of subject matter jurisdiction. *Id.* Since the *Khalil* decision, our colleagues have distinguished the facts in *Khalil*—where Mr. Khalil challenged both his removal and detention while removal proceedings pended, from cases where habeas petitioners challenge the legality of detention, concluding we have jurisdiction over habeas claims challenging the United States' authority to detain without a bond hearing. *See Gagiev v. Rose*, No. 26-169, 2026 WL 657739, at *7 (E.D. Pa. Mar. 9, 2026) (Murphy, J.); *Hasanboy Olimov*, 2026 WL

3

596155, at *2 & n. 6 (collecting cases). Mr. Cavero Marcos today challenges his detention without a bond hearing. We, like our colleagues, conclude we have jurisdiction over Mr. Cavero Marcos's petition.

[2] The United States provided us with a four-category break down of habeas petitions by immigration detainees challenging the authority of the Department of Homeland Security to detain them, including three categories of cases where the Department uses 8 U.S.C. § 1225(b)(2)(A) to detain them without a bond hearing. ECF 6 at 2–3. The United States agrees the Department detained Mr. Cavero Marcos under 8 U.S.C. § 1225(b)(2)(A). *Id.* at 2, 5 (describing Mr. Cavero Marcos's case as a "*Q. Li*" case referring to the Board of Immigration Appeals' ("BIA") decision in *Matter of Q. Li*, 29 I & N. Dec. 66 (BIA 2025)). We, like our colleagues, find the *Q. Li* analysis does not compel detention under the "applicant for admission" and "seeking admission" language of 8 U.S.C. § 1225(b)(2) as argued by the United States. *See, e.g.*, *Cusi Chaisa v. Jamison*, No. 26-2560, 2026 WL 1195771, at *2–3 (E.D. Pa. May 1, 2026) (Hodge, J.); *Jorge-Peralta v. Jamison*, No. 26-1775, 2026 WL 1047057, at *2–4 (E.D. Pa. Apr. 17, 2026) (Costello, J.).